**Nofriandi DAWIR, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General, Respondent.***

No. 08–1708–ag.

United States Court of Appeals, Second Circuit.

Feb. 23, 2009.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former

Ronald S. Salomon, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Ethan B. Kanter, Senior Litigation Counsel, Zoe J. Heller, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

Attorney General Michael B. Mukasey as respondent in this case.

PRESENT: Hon. RALPH K. WINTER, Hon. WALKER, JR., and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Nofriandi Dawir, a native and citizen of Indonesia, seeks review of a March 11, 2008 order of the BIA, affirming the June 6, 2006 decision of Immigration Judge ("IJ") Helen J. Sichel, which denied Dawir's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Nofriandi Dawir*, No. A96 291 610 (B.I.A. Mar. 11, 2008), *aff'g* No. A96 291 610 (Immig. Ct. N.Y. City June 6, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, although Dawir is challenging the denial of relief in "asylum-only" proceedings, as opposed to an actual removal order, we nonetheless have jurisdiction under 8 U.S.C. § 1252(a)(1) because the denial of relief in these circumstances is the functional equivalent of a removal order. *See Kanacevic v. INS*, 448 F.3d 129, 134 (2d Cir.2006). When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and the IJ's opinions—or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.2005). Additionally, when the BIA supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agen-

cy's factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). Questions of law and the application of law to undisputed fact are reviewed *de novo. Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

Dawir does not challenge the agency's finding that he failed to demonstrate by clear and convincing evidence that he applied for asylum within one year of his arrival in the United States, 8 U.S.C. § 1158(a)(2), a finding we would lack jurisdiction to review in any event, 8 U.S.C. § 1158(a)(3). Further, as the government correctly points out, Dawir failed to raise before the BIA his argument that he merits CAT protection. Because Dawir did not raise his CAT claim before the BIA, it is unexhausted and we lack jurisdiction to review it. *See* 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales,* 462 F.3d 113, 117–19 (2d Cir.2006). However, we may review Dawir's challenge to the agency's denial of his application for withholding of removal.

Substantial evidence supports the IJ's finding that Dawir lacked credibility as to his withholding of removal claim. When considered cumulatively, the numerous inconsistencies that the IJ identified between Dawir's testimony and the written declaration he submitted in support of his application were anything but minor and isolated. *Cf. Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006). For example, Dawir initially testified that he entered the United States once, in 1996. After repeated questioning on cross-examination, however, he admitted that he entered this country on at least three different occasions, as reflected in his passport and asylum application. In addition, Dawir alleged in his written declaration that he suffered "persecutions" since his early childhood based on his Christian beliefs. He testified, however, that his written declaration was incorrect because he did not begin attending church until 1993, when he was in his late twenties. Likewise, whereas Dawir's asylum application and written declaration claimed that he was Christian, he testified that he neither was baptized nor had converted to Christianity and was "still thinking [about it]." Finally, in his written declaration Dawir alleged that, on November 22, 1998, he was severely beaten by Muslims during a riot at a church he was attending, thereby sustaining injuries that required him to be hospitalized for a few days. However, he testified that the riot occurred in 1995 or 1996, that he was only "push[ed]" and "punch[ed]," that he did not suffer major injuries, and that he was not hospitalized.

Dawir's explanation as to nearly all of the foregoing discrepancies was that he had committed a mistake. Given that he testified repeatedly that the information he provided in his written declaration was accurate and true, however, a reasonable factfinder would not be compelled to credit these explanations, and, accordingly, the IJ was not obligated to do so. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir. 2005). Moreover, because the discrepancies identified by the IJ concerned not only Dawir's identity and practice as a Christian but also the circumstances surrounding his only alleged incident of past persecution, they bore a legitimate nexus to and undermined the very basis of his claim. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308 (2d Cir.2003) (citation omitted).[1] Thus, substantial evidence supports the IJ's adverse credibility determination, and,

---

1. Because Dawir's application for withholding of removal was filed prior to May 11, 2005, the provisions of the REAL ID Act do not apply and *Secaida–Rosales* remains good law. *Cf. Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 165–67 (2d Cir.2008).

accordingly, the IJ's denial of Dawir's withholding of removal claim was proper. *Id.*

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).